

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00200-CV

DANNY SPRABARY,
INDIVIDUALLY, AND ON BEHALF
OF THE ESTATE OF DANNY
SPRABARY, JR., DECEASED, AND
AS NEXT FRIEND OF TIERNEY
FAITH RODGERS, A MINOR CHILD

APPELLANT

V.

GOODMAN NETWORKS, INC.

APPELLEE

----------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In two issues, Appellant Danny Sprabary, individually and on behalf of the

Estate of Danny Sprabary, Jr. and Tierney Faith Rogers, a minor child, appeals

---

[1]*See* Tex. R. App. P. 47.4.

the trial court's summary judgment for Appellee Goodman Networks, Inc. We affirm.

## II. Factual and Procedural Background

Sprabary sued Goodman for the wrongful death of his son Danny, alleging that Danny worked for Goodman, that Goodman knew Danny was diabetic, and that Goodman had a plan in place to contact Danny's girlfriend or brother if Danny began to suffer from hypoglycemia or other health-related issues while working. He further alleged that on the day Danny died, Goodman had scheduled Danny to meet with a trainee at a Wal-Mart before they went on a service call together, that Danny subsequently experienced some distress, and that the trainee notified Danny's supervisor about the situation but the supervisor, instead of contacting Danny's girlfriend or brother, ordered the trainee to return Danny to the Wal-Mart parking lot where he later died.

Goodman filed a traditional and no-evidence motion for summary judgment and argued in the no-evidence portion that Sprabary had no evidence to show that Goodman owed a legal duty to Danny, that it breached this duty on the occasion in question, or that the breach actually or proximately caused Danny's death. Goodman also argued that Sprabary could not offer more than a scintilla of evidence that Danny's death was related to his diabetes. In the traditional portion of its motion, Goodman argued, among other things, that heart disease, rather than any act or omission by Goodman, was the proximate cause of

2

Danny's death, and it attached a portion of Tarrant County Deputy Medical Examiner Marc A. Krouse, M.D.'s deposition to support this ground.[2]

To Goodman's no-evidence and traditional causation grounds, Sprabary responded,

> Movant also claims that there is no evidence that Danny Sprabary, Jr. died as a result of issues related to his diabetes and that Dr. Marc Krouse, the medical examiner who performed the autopsy on Danny Sprabary, Jr. found that issues related to Danny Sprabary, Jr.['s] diabetes were not a proximate cause of Danny Sprabary Jr.'s death. This claim has been controverted by the Affidavit of Marvin Pietruszka, M.D.[,] which is attached as Exhibit "A[.]"  In his affidavit, Dr. Pietruszka states that the finding[s] of the autopsy support a finding that Danny Sprabary's death was the result of issues related to diabetes mellitus.

Goodman objected to Dr. Pietruszka's affidavit and moved to strike it, complaining that the affidavit contained conclusory opinions, failed to provide any factual foundation, and was speculative.  The trial court sustained Goodman's objections to Dr. Pietruszka's affidavit, struck the affidavit, and granted summary judgment for Goodman.  This appeal followed.

### III.  Summary Judgment

In his first issue, Sprabary argues that the trial court erred by striking Dr. Pietruszka's affidavit because it "was based upon and included factual bases and

---

[2]Dr. Krouse testified that based on his autopsy and the toxicology report, Danny's death was not proximately caused by a diabetic complication and that the most likely proximate cause of Danny's death was heart disease, and he provided factual bases for these conclusions in his testimony.  He stated that Danny suffered sudden cardiac death and that his death would have been "minutes to seconds."

3

was not 'merely conclusory,'" and in his second issue, Sprabary asserts that the trial court erred by granting summary judgment for Goodman "because fact issues existed as to whether [Goodman's] negligence resulted" in Danny's death.

We review a trial court's exclusion of evidence for an abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its discretion by excluding expert testimony if the testimony is relevant to the issues in the case and is based on a reliable foundation. *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009). However, "[b]are, baseless opinions will not support a judgment." *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009) (quoting *Coastal Transp. Co. v. Crown Cent. Petroleum Corp*., 136 S.W.3d 227, 232 (Tex. 2004), for the proposition that opinion testimony that is conclusory or speculative is not relevant evidence). "An expert's failure to explain or adequately disprove alternative theories of causation makes his or her own theory speculative and conclusory." *Wal-Mart Stores, Inc. v. Merrell*, 313 S.W.3d 837, 840 (Tex. 2010); *see also Gen. Motors Corp. v. Iracheta*, 161 S.W.3d 462, 470 (Tex. 2005) ("[The expert] eliminated the obvious possibility that fuel or vapors from the tank filler neck ignited only by saying so, offering no other basis for his opinion. Such a bare opinion was not enough.").

In his affidavit, Dr. Pietruszka set out his qualifications before stating:

> In connection with the above-captioned lawsuit I have reviewed the autopsy report completed by Dr. Marc Krouse and a transcript of his deposition testimony . . . . Based upon my review of those documents, it is my opinion, based upon reasonable medical

4

probability, that Danny Sprabary, Jr.[']s death on May 3, 2007, was proximately caused by complications related to diabetes mellitus.

The findings disclosed in the autopsy report of pulmonary edema and in the deposition testimony of cerebral edema are findings that would be expected in a patient that died as a result of hypoglycemia.

Additionally, in my opinion, it is unlikely that an individual of Danny Sprabary's age with evidence of only moderate coronary arterial disease would suffer sudden adult death in the absence of some other factor such as hypoglycemia.

In conclusion, it is my opinion based upon reasonable medical probability that complications related to his diabetes mellitus were a proximate cause of the death of Danny Sprabary, Jr.

Dr. Pietruszka attached a copy of his curriculum vitae to his affidavit, but he did not attach a copy of the documents upon which he based his opinion, and, other than the excerpt of Dr. Krouse's deposition attached by Goodman to support the traditional portion of its motion, there is no other evidence in the record pertaining to Danny's cause of death.

Sprabary argues that Dr. Pietruszka's statements set out in the second and third paragraphs above are not wholly conclusory and that "on the contrary they are statements of medical facts interpreting the autopsy report." However, Dr. Pietruszka's theory that Danny's death was proximately caused by complications related to diabetes mellitus is conclusory and speculative because he fails to provide any factual discussion or explanation of how the autopsy report findings of pulmonary and cerebral edema were caused by diabetes-related hypoglycemia and not sudden adult death caused by heart disease. Nor

5

does he explain why such findings could not be conclusive to declare heart disease as the cause of death. *See Pollock*, 284 S.W.3d at 816.

Additionally, Dr. Pietruszka's statement that the findings of pulmonary and cerebral edema "would be expected in a patient that died as a result of hypoglycemia" is conclusory and insufficient to prove that hypoglycemia or other diabetes-related complications were the cause of Danny's death. *See Merrell*, 313 S.W.3d at 840 (stating that expert's statement that halogen lamps in general can cause fires was speculative and insufficient to establish that the particular lamp in question caused the fire); *see also Pollock*, 284 S.W.3d at 819–20 (holding that expert's testimony about exposure to benzene in high amounts causing chromosomal anomalies was conclusory and provided no evidence that the chromosomal anomalies at issue were caused by exposure to significantly lesser amounts of benzene). And Dr. Pietruszka's opinion that someone Danny's age with evidence of only moderate coronary arterial disease would be unlikely to suffer sudden adult death "in the absence of some other factor such as hypoglycemia" neither offers evidence to eliminate other conditions, such as heart disease, that could have contributed to Danny's death nor explains how hypoglycemia or "some other factor" caused Danny's death. Rather, Dr. Pietruszka merely speculates as to a possible cause of death of someone Danny's age. *See Coastal Transp.*, 136 S.W.3d at 232. The trial court did not abuse its discretion by sustaining Goodman's objections and striking Dr. Pietruszka's affidavit. Therefore, we overrule Sprabary's first issue.

6

As to Sprabary's second issue, when a party moves for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court's judgment under the standards of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the appellant failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the appellee's summary judgment proof satisfied the less stringent rule 166a(c) burden. *Id*. If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004). Less than a scintilla of evidence exists when the evidence is so weak that it does nothing more than create a mere surmise or suspicion of a fact. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

Here, the trial court did not specify the grounds for granting the summary judgment motion. When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

In the no-evidence portion of its summary judgment motion, Goodman asserted that Sprabary could not offer more than a scintilla of evidence that

7

Danny's death was related to his diabetes and that Sprabary had no evidence that Goodman's alleged breach caused Danny's death. *See, e.g., D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002) (stating that a negligence action requires showing damages proximately caused by the breach of a legal duty). Sprabary responded by offering Dr. Pietruszka's affidavit to support his theory that Danny's death was related to his diabetes. Having held that the trial court did not abuse its discretion by excluding Dr. Pietruszka's affidavit—the only evidence supporting the causal connection between Goodman's alleged duty and breach and the theory that Danny's death was related to his diabetes rather than heart disease—we conclude that Sprabary failed to provide more than a scintilla of evidence that Danny died as a result of his diabetic condition. Accordingly, we overrule Sprabary's second issue. *See Knott*, 128 S.W.3d at 216.

## IV. Conclusion

Having overruled both of Sprabary's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, DAUPHINOT, and GARDNER, JJ.

DELIVERED: March 10, 2011

8